JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 12-9798 PA (JCGx) | Date | June 17, 2013 |
|---|---|---|---|
| Title | Hao Wu v. Action Fin. Servs., LLC, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

Pursuant to Local Rule 16 and this Court's February 22, 2013 Scheduling Order, plaintiff Hao Wu ("Plaintiff") was required to file certain pretrial documents with the Court by June 7, 2013, including but not limited to, the Proposed Joint Pretrial Conference Order, Joint Exhibit and Witness Lists, Contentions of Fact and Law, and a Status Report Regarding Settlement.  Plaintiff has violated the Local Rules and this Court's Scheduling Order by failing to lodge or file any pretrial documents.

This Court's Scheduling Order specifically warns that "[t]he failure to attend the [Final Pretrial Conference] or to submit in conformity with this order, the jury instructions, pre-trial exhibit stipulation, joint statement of the case, voir dire questions, summary of witness testimony and times estimates, proposed Pretrial Conference Order or the memorandum of contentions of fact and law may result in the dismissal of the action, striking the answer and entering a default, and/or the imposition of sanctions."

Dismissal is appropriate here because Plaintiff has failed to adequately prosecute this action or comply with the Court's orders.  Federal Rule of Civil Procedure 41(b) provides that a defendant may move for dismissal of an action for "failure of the plaintiff to prosecute or to comply with these rules or any order of court."  Although Rule 41(b) provides for dismissal on the motion of the defendant, the Court can also dismiss an action sua sponte pursuant to Rule 41(b).  See Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S. Ct. 1386, 1388, 8 L. Ed. 2d 734 (1962); see also Alexander v. Pac. Mar. Ass'n, 434 F.2d 281, 283-84 (9th Cir. 1970).  The permissive language of Rule 41 — that defendant "may" move for dismissal — does not limit the Court's ability to dismiss sua sponte if the defendant makes no motion for dismissal.  Link, 370 U.S. at 630, 82 S. Ct. at 1388-89.  The Court has the inherent power to achieve the orderly and expeditious disposition of cases by dismissing actions pursuant to Rule 41(b) with prejudice for failure to prosecute or for failure to comply with a court order.  See id. at 629-30, 82 S. Ct. at 1388-89 (dismissal for failure to prosecute); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (same); Yourish v. Cal. Amplifier, 191 F.3d 983, 987-88 (9th Cir. 1999) (dismissal for failure to comply with court order).

In Henderson v. Duncan, 779 F.2d 1421 (9th Cir. 1986), the Ninth Circuit set forth five factors for a district court to consider before resorting to the penalty of dismissal: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-9798 PA (JCGx) | Date | June 17, 2013 |
|---|---|---|---|
| Title | Hao Wu v. Action Fin. Servs., LLC, et al. | | |

the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Id. at 1423. Cases involving sua sponte dismissal merit special focus on considerations relating to the fifth Henderson factor. Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998). Dismissal is appropriate "where at least four factors support dismissal, or where at least three factors 'strongly' support dismissal." Id. (internal citations omitted) (citing Ferdik, 963 F.2d at 1263).

      Here, in assessing the first Henderson factor, the public's interest in expeditious resolution of litigation will be satisfied by a dismissal. See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Yourish, 191 F.3d at 990 (public's interest in expeditious resolution of litigation always favors dismissal)). Relatedly, with respect to the second factor, the Court's need to manage its docket will be served by dismissal. See id.

      The third Henderson factor at least marginally favors dismissal. The defendant may be further prejudiced unless the complaint is dismissed. See Yourish, 191 F.3d at 991; Pagtalunan, 291 F.3d at 642 (holding that failing to timely amend risks prejudice and can justify dismissal).

      In considering the fourth and fifth Henderson factors, this Court's September 24, 2012 Scheduling Order, as noted above, warned Plaintiff that the failure to attend the Final Pretrial Conference or to submit the required pretrial documents may result in the dismissal of the action. Despite this warning, Plaintiffs failed to submit any pretrial documents by the date set by the Court. Additionally, the Court intends to dismiss this action without prejudice. Accordingly, the fifth Henderson factor favors dismissal because the Court has adopted the "less-drastic" sanction of dismissal without prejudice. See McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996) (district court should first consider less drastic alternatives to dismissal with prejudice).

      As a result of Plaintiff's violation of the Court's Scheduling Order, this action is dismissed without prejudice. See Fed. R. Civ. P. 41(b); see also Yourish, 191 F.3d at 986-88; Ferdik, 963 F.2d at 1260. The Pretrial Conference scheduled for June 21, 2013, and the Trial scheduled for July 16, 2013, are vacated.

      IT IS SO ORDERED.